UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| CHARLES RAY JOHNSON,<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL TAYLOR, DEPUTY STATES ATTORNEY;<br><br>Defendant. | 4:19-CV-04041-RAL<br><br>ORDER DISMISSING CASE |

Plaintiff Charles Ray Johnson filed a pro se action seeking $1,000,000 from Defendant Michael Taylor for intentional infliction of emotional distress. Doc. 1. Johnson also filed an application to proceed in district court without prepaying fees or costs, Doc. 2, and a motion to file electronically, Doc. 3. For the reasons explained below, this Court grants the application to proceed in district court without prepayment of fees or costs, denies the motion to file electronically, and dismisses the complaint without prejudice to refiling.

Suits brought in forma pauperis are subject to a two-step screening process, which first requires the plaintiff to demonstrate financial eligibility to proceed without prepayment of fees. *Martin-Trigona v. Stewart*, 691 F.2d 856, 857 (8th Cir. 1982); *see e.g.*, *Lundahl v. JP Morgan Chase Bank*, 2018 WL 3682503, *1 (D.S.D. 2018). A person may be granted permission to proceed in forma pauperis if he or she "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). The litigant is not required to demonstrate absolute destitution, and the

determination of whether a litigant is sufficiently impoverished to qualify to so proceed is committed to the court's discretion. *Lee v. McDonald's Corp.*, 231 F.3d 456 (8th Cir. 2000); *Cross v. Gen. Motors Corp.*, 721 F.2d 1152, 1157 (8th Cir. 1983); *see, e.g., Babino v. Janssen & Son*, 2017 WL 6813137, *1 (D.S.D. 2017). In light of the information Johnson has provided in his financial affidavits, this Court finds that he may proceed in forma pauperis.

Nonetheless, given that Johnson has now filed several lawsuits in this district, it is incumbent upon this Court to inform Johnson that "the decision whether to grant or deny in forma pauperis status is within the sound discretion of the trial court." *Cross v. General Motors Corp.*, 721 F.2d 1152, 1157 (8th Cir. 1983) (internal citations omitted). A judge, "after weighing the relevant factors" may "properly determine[] that a litigant's abusive conduct merits a prefiling injunction." *In re Pointer*, 345 Fed.Appx. 204, 205 (8th Cir. 2009). Plaintiffs "who in bad faith consistently abuse the judicial process and privilege of litigating at public expense" may be subject to pre-filing review procedures "restricting the availability of cost-free access to court." *Bennett v. Miller*, 2014 WL 60092, *7 (D.S.D. 2014) (quoting *Peck v. Hoff*, 660 F.2d 371, 374 (8th Cir. 1981)). Johnson's multiple frivolous lawsuits may ultimately support such an injunction should he continue to file meritless suits.

The second step of the in forma pauperis screening process requires a district court to determine whether a pro se civil action against a governmental entity or employee should be dismissed as "frivolous, malicious, or fail[ing] to state a claim upon which relief may be granted" or for "seek[ing] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); *Martin-Trigona*, 691 F.2d at 857; *see also Lundahl*, at *1. Pro se complaints must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also Native Am. Council of Tribes v. Solem*, 691 F.2d 382 (8th Cir. 1982). Notwithstanding its liberal construction, a pro se

complaint may be dismissed as frivolous "where it lacks an arguable basis either in law or in fact;" that is, where the claim is "based on an indisputably meritless legal theory" or where, having "pierce[d] the veil of the complaint's factual allegations," the court determines those facts are "fantastic or delusional." *Neitzke v. Williams*, 490 U.S. 319, 325, 327–28 (1989) (internal citations omitted); *see also Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Complaints are "malicious" where the plaintiff knows that such complaint is based on false allegations. *In re Tyler*, 839 F.2d 1290, 1293 (8th Cir. 1988) (internal citations omitted).

A court may dismiss a complaint for failure to state a claim "as a matter of law if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Neitzke*, 490 U.S. at 327 (1989) (internal citations omitted). To avoid dismissal, a complaint "must show that the plaintiff 'is entitled to relief,' . . . by alleging 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Torti v. Hoag*, 868 F.3d 666, 671 (8th Cir. 2017) (quoting *In re Pre-Filled Propane Tank Antitrust Litig.*, 860 F.3d 1059, 1063 (8th Cir. 2017) (*en banc*), Fed. R. Civ. P. 8(a)(2), and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). To determine whether a claim is plausible on its face is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679 (2009). A complaint must allege "more than labels and conclusions." *Torti*, 868 F.3d at 671 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

In his Complaint, Johnson alleges that Deputy States Attorney Michael Taylor intentionally inflicted emotional distress when Taylor did not communicate the reason for Johnson's absence to the judge. Doc. 1 at 3. The Supreme Court of the United States in Imbler v. Pachtman, 424 U.S. 409 (1976), held that "in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." Id. at 431. "Absolute immunity covers

prosecutorial functions such as the initiation and pursuit of a criminal prosecution, the presentation of the state's case at trial, and other conduct that is intimately associated with the judicial process." Brodnicki v. City of Omaha, 75 F.3d 1261, 1266 (8th Cir. 1996). In other words, "actions under taken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of [his] role as an advocate for the State, are entitled to the protections of absolute immunity." Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993). Accordingly, Taylor has immunity and dismissal of Johnson's Complaint against Taylor is appropriate under § 1915(e)(2)(B)(iii). Therefore, it is hereby

ORDERED that this case is screened and Johnson's Complaint, Doc. 1, is dismissed without prejudice. It is further

ORDERED that Johnson's Motion to proceed in forma pauperis, Doc. 2, is granted. It is further

ORDERED that Johnson's Motion to electronically file documents, Doc. 3, is denied.

DATED July 23, 2019.

BY THE COURT:

_____
ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE